IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK07-82148 |
| | ) | |
| MERIT TRANSPORTATION COMPANY, LLC, | ) ) | |
| | ) | CH. 11 |
| Debtor(s). | ) | |
| | ) | Filing No. 15, 77 |

<u>ORDER</u>

      Hearing was held in Omaha, Nebraska on November 26, 2007, regarding Filing No. 15, Emergency Motion for Orders, filed by the debtor, and Filing No. 77, Objection, filed by PeopLease Corporation. Norman Beal and Andrew Muller appeared for the debtor, Susan Martineau appeared for Wells Fargo Bank, Thalia Carroll appeared for the Official Unsecured Creditors' Committee, Robert Ginn appeared for PeopLease Corporation, Jeff Wegner appeared for GE Capital Corporation, Neal McBrayer appeared for Comdata Network, Inc., T. Randall Wright appeared for Transportation Alliance Leasing, LLC, and Henry Carriger appeared for the Internal Revenue Service.

      The debtor operates a trucking business. Prior to bankruptcy it had contracted with Wells Fargo Business Credit for a factoring arrangement. Under the arrangement, Wells Fargo Business Credit ("WFBC") would purchase accounts receivable from the debtor, providing immediate payment of 95% of the face amount of the invoice representing the account receivable. After collecting the full account receivable, WFBC would pay the remaining balance to the debtor, less certain fees and charges. The debtor was responsible for repurchasing from WFBC all of the outstanding accounts receivable, upon a default by the debtor under the contract's default provisions. Upon filing of the Chapter 11 petition, WFBC agreed to continue purchasing the accounts receivable pursuant to the terms of the pre-petition contract, plus certain additional terms, such as obtaining a super priority administrative expense claim under 11 U.S.C. § 364(c)(1).

      After a short notice and hearing, the court authorized the debtor to enter into such an agreement on an interim basis with a cap on the amount of funds that could be used. Thereafter, after a full notice and hearing, the court, having received and considered certain objections, continued the matter, but authorized continuing use of the factoring system on an interim basis until a final hearing could be held.

      Final hearing was held on November 26, 2007. At the hearing, an entity that leases employees to the debtor, PeopLease Corp., objected to the super priority administrative expense provision. PeopLease Corp. was joined in such objection by GE Capital Corp. Their concern is that the original agreement between the parties, at Article VIII, Section 8.01, ¶ 8.01(j) provides, as a remedy for default by the debtor, WFBC may

> [R]equire the Customer to repurchase any and all Accounts, whether disputed or undisputed, and pay the Repurchase Price for those Accounts as provided herein, and, in the event the Repurchase Price is not promptly paid, WFBC may continue to collect such Accounts and charge a reasonable fee in connection with such collection activities in addition to any other fees or charges provided for herein.

      It is the position of PeopLease Corp. that it has and will continue through the case to have an administrative expense claim. Its arrangement with the debtor, apparently, is to provide employees to the debtor, advance wages and salaries to the employees, pay the employment tax obligations, insurance and other expenses associated with the employees and then be reimbursed by the debtor. Between the time PeopLease makes the cash advances for wages, taxes, insurance, etc., and the time

the debtor reimburses PeopLease, PeopLease is exposed and has an administrative expense claim for the amount outstanding.  If the case is not successful and is converted to Chapter 7 while PeopLease is owed for the cash advances, it will hold a Chapter 11 administrative expense claim in the Chapter 7 case. However, if WFBC is granted a super priority administrative expense claim, it will take priority over the interest of PeopLease.  If there are a limited amount of funds available to pay the administrative expense claims, PeopLease is concerned that it will go unpaid.

GE Capital Corp. is in the same position as PeopLease, because it leases certain equipment to the debtor.

In response, WFBC and the debtor suggest that if the worst case occurs, and WFBC invokes the repurchase remedy, either the debtor will have sufficient funds available to repurchase the outstanding accounts receivable and will therefore own accounts receivable in amounts equal to the repurchase payment, or if such funds are not available to the debtor, WFBC will continue its collection efforts, thereby reducing, perhaps to zero, the super priority administrative expense claim granted to it.

GE Capital and PeopLease Corp. acknowledge the accuracy of the position taken by the debtor and WFBC, but assume that the collectability of the accounts will be significantly impaired if the debtor defaults and/or converts to Chapter 7.  If the collectable accounts are not equal to the "Repurchase Price" as defined in the contract, and referred to in ¶ 8.01(j), WFBC will have a priority position to the detriment of GE Capital Corp. And PeopLease Corp.

The objections are overruled.  Pursuant to the terms of the contract, WFBC becomes the owner of the accounts receivable and, generally, is responsible for collecting.  If a default remedy as defined under ¶ 8.01(j) is invoked, it is in the best interest of WFBC to continue the collection efforts to reduce its outstanding claim, whether that claim is a general administrative claim or a super priority administrative expense claim.  PeopLease Corp. and GE Capital Corp. are admittedly at some risk if WFBC is granted a status with priority over their status.  However, because it is in the best interest of WFBC to maximize its collections, any actions it takes in its own self-interest will reduce the risk to PeopLease and GE Capital Corp.

The debtor has negotiated the terms of the agreement with WFBC.  The terms are similar to the pre-petition contractual terms but for the granting of a super priority administrative expense claim.  The debtor needs the arrangement with WFBC to continue if it is to have any chance of restructuring and reorganizing its business operations.  There is risk to the other administrative claimants, but the risk is minimized by the ability of WFBC to collect the accounts receivable in its ordinary course of business.

The contractual arrangements which are the subject of this motion are granted.  The debtor shall submit a final order incorporating the pre-petition contractual agreement by reference, and the post-petition amendments to the contractual agreement by specific language in the order.

SO ORDERED.

DATED:    November 27, 2007

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
    *Norman Beal        Jeff Wegner
    *Andrew Muller     T. Randall Wright
    Susan Martineau   Henry Carriger
    Thalia Carroll      U.S. Trustee
    Robert Ginn

*Movant is responsible for giving notice to parties in interest as required by rule or statute.