IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK07-82148 |
| | ) | |
| MERIT TRANSPORTATION COMPANY, LLC, | ) ) | |
| | ) | CH. 11 |
| Debtor(s). | ) | |
| | ) | Filing No. 27 |

## ORDER

Hearing was held in Omaha, Nebraska on November 26, 2007, regarding Filing No. 27, Motion to Assume Lease or Executory Contract with Comdata Network, Inc. and Granting Authority to Incur Post-Petition Debt, filed by the debtor. Norman Beal and Andrew Muller appeared for the debtor, Susan Martineau appeared for Wells Fargo Bank, Thalia Carroll appeared for the Official Unsecured Creditors' Committee, Robert Ginn appeared for PeopLease Corporation, Jeff Wegner appeared for GE Capital Corporation, Neal McBrayer appeared for Comdata Network, Inc., T. Randall Wright appeared for Transportation Alliance Leasing, LLC, and Henry Carriger appeared for the Internal Revenue Service.

The debtor, a trucking company, entered into a contractual arrangement with Comdata Network, Inc. whereby debtor's employees could purchase fuel, food and other necessities, and, on occasion, obtain a cash advance, through the use of a credit or debit-type of card provided by Comdata. Debtor's employees would access the credit, and Comdata, on a weekly or other time frame basis, would notify the debtor of the total charges during that particular period, and the debtor would make immediate payment. By doing so, the debtor was assured that Comdata would permit continued use of the cards.

On the petition date, the debtor's employees had incurred approximately $132,000 of Comdata credit. The amount was not yet due, and, therefore, on the petition date, the debtor was not in default. However, because of the bankruptcy filing, and the prohibition on use of cash collateral, the lack of post-petition financing, et cetera, the amount owed pre-petition has not yet been paid.

The debtor has now obtained interim post-petition financing and has moved to assume the executory contract with Comdata. The debtor has negotiated a "cure" which will allow it to make payments of approximately $20,000 per week beginning in the middle of December 2007. If the assumption is approved by the court, Comdata will continue to permit debtor's employees to use the credit facility.

Although no written objections were filed, the Internal Revenue Service, through counsel, has expressed serious concern. The Internal Revenue Service claims to hold an unsecured claim with priority over general unsecured claims. If the executory contract is assumed, and the cure arrangement is approved, then, the obligations under the executory contract will become administrative expenses having priority over the Internal Revenue Service claim, if the debtor is unable to reorganize and the case is converted to Chapter 7.

The assumption of an executory contract is governed by 11 U.S.C. § 365(a). The assumption or rejection of an executory contract is subject to review under the business judgment standard. In re Crystalin, L.L.C., 293 B.R. 455, 463 (B.A.P. 8th Cir. 2003). Upon meeting that standard, the court "should not interfere 'except upon a finding of bad faith or gross abuse of (the debtor's) business discretion.'" In re Crystalin, L.L.C., 293 B.R. at 465 (citing Lubrizol Enters, Inc. v. Richmond Metal Finishers, Inc., 756 F.2d 1043, 1047 (4th Cir. 1985)).

The debtor has determined that assumption of the executory contract with Comdata is beneficial to the Estate and will facilitate reorganization. No evidence has been presented by any party that the determination by officials of the debtor is incorrect or is made in bad faith.

It is the position of the debtor that without the assumption of the executory contract, the debtor will not have available to its employees an accessible credit facility. Without such credit facility, the debtor cannot operate and will shut down and most likely convert to Chapter 7.

I find that the debtor has properly exercised its business judgment and has determined that the assumption of the executory contract is in the best interest of the Estate

IT IS ORDERED that the Motion to Assume Lease or Executory Contract with Comdata Network, Inc. and Granting Authority to Incur Post-Petition Debt, Filing No. 27, is granted. The debtor and Comdata Network, Inc. are directed to memorialize their "cure" agreement and file it with the court.

DATED:      November 27, 2007

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
    *Norman Beal          Jeff Wegner
    *Andrew Muller        T. Randall Wright
    Susan Martineau       Henry Carriger
    Thalia Carroll        U.S. Trustee
    Robert Ginn

*Movant is responsible for giving notice to parties in interest as required by rule or statute.