IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK07-82148-TJM |
| | ) | |
| MERIT TRANSPORTATION COMPANY, LLC, | ) ) | CH. 11 |
| | ) | |
| Debtor(s). | ) | |

## ORDER

      Hearing was held in Omaha, Nebraska, on April 28, 2008, regarding Filing No. 358, Second Motion to Extend/Limit Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement, filed by the debtor; Filing No. 365, Objection, filed by the Official Committee of Unsecured Creditors; and Filing No. 367, Objection, filed by the Internal Revenue Service. Norman Beal appeared for the debtor, William Medford appeared for the Official Unsecured Creditors' Committee, Henry Carriger appeared for the Internal Revenue Service, and David Skalka appeared for Navistar.

      The debtor filed this Chapter 11 case in October of 2007. On January 29, 2008, the debtor filed its first motion requesting an extension of its exclusivity period to file a disclosure statement and plan of reorganization through April 15, 2008, and an extension of its exclusivity period to obtain confirmation of any such plans through June 15, 2008. That request was granted on February 21, 2008.

      On April 7, 2008, the debtor filed a second motion regarding the exclusivity period requesting an extension of time to July 15, 2008, for filing the plan and disclosure statement and an extension of time to September 15, 2008, to obtain confirmation.

      The Internal Revenue Service and the Creditors' Committee have each filed an objection. Generally, the objections are that the debtor has seen declining revenue on a monthly basis during its operation, that there does not appear to be a basis for determining whether the debtor can successfully reorganize in a relatively short period of time, and that the time frame for the extension is excessive.

      The motion, Filing No. 358, is granted. The debtor has presented evidence that, although during the winter months there was a decline in revenue, partially due to downsizing the fleet, new contracts have been obtained and revenue is increasing. If revenues continue to increase and new contracts are obtained, as the president of the debtor believes is likely, there is a possibility that the debtor may be able to file a plan that is confirmable on a feasibility basis. The length of the extension is not harmful to any party and if the objecting parties see a continuing decline in revenue notwithstanding the hopes of the president of the company, they may file whatever motion they think is appropriate with regard to relief that they need, including a motion to convert or dismiss.

      11 U.S.C. § 1121(d) permits the court to grant an extension of the exclusivity period for cause. The debtor has shown the reasons for the decline in revenue and the recent improvement in revenue and operations. At this early point in the case, that is sufficient "cause" to allow the extension.

IT IS ORDERED: The debtor's second motion to extend/limit the exclusivity period for filing a Chapter 11 plan and disclosure statement (Fil. #358) is granted.

DATED:   April 29, 2008

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
 *Norman Beal
 William Medford
 Henry Carriger
 David Skalka

Movant (*) is responsible for giving notice to other parties if required by rule or statute.