IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK07-82148-TJM |
| | ) | |
| MERIT TRANSPORTATION COMPANY, LLC, | ) ) | CH. 11 |
| Debtor(s). | ) | |

ORDER

   Hearing was held in Omaha, Nebraska, on May 19, 2008, regarding Filing No. 147, Motion for Relief from Stay, filed by FCC Equipment Financing, Inc.; Filing No. 383, Declaration of Default, filed by FCC Equipment Financing, Inc.; and Filing No. 386, Request for Hearing on Stipulated Relief from the Automatic Stay for FCC Equipment Financing, Inc., filed by Merit Transportation Company, LLC. Norman Beal and Andrew Muller appeared for Merit Transportation Company, LLC; William Medford appeared for the Official Unsecured Creditors Committee; and Richard Garden appeared for FCC Equipment Financing, Inc.

   The debtor owes money to FCC Equipment Financing, Inc. ("FCC") secured by numerous over-the-road tractors. Upon the filing of a motion for relief from the automatic stay last fall, the debtor and FCC entered into a Stipulation, Filing No. 215, which provided that the debtor would make monthly adequate protection payments in the amount of $17,487.00 per month. Failure to make an adequate protection payment is specifically identified in paragraph 15a of the Stipulation as an "Event of Default." In addition, the Stipulation provides at paragraph 26 that "Time is deemed to be of the essence in this Stipulation and Agreement."

   The debtor did not make the March 2008 or April 2008 monthly adequate protection payments. In early April, FCC declared a default and gave notice to the debtor of an opportunity to cure the default. The default was not cured, but the debtor did request a hearing which was held on May 19, 2008.

   At the hearing, the court received evidence from FCC regarding the default and evidence from the debtor on its great need to keep the tractors to give the debtor a fair opportunity to successfully reorganize. The debtor acknowledged that it does not have the ability at this time to cure the March and April payment defaults, but proposes to begin in May 2008, making weekly payments equivalent to 23% of the agreed-upon monthly payment amount and paying an additional $1,500.00 each week to be paid toward the past-due adequate protection payments.

   The Bankruptcy Code at 11 U.S.C. § 362(d) provides that relief shall be granted for cause, including the lack of adequate protection.

   In this case, the parties agreed by written stipulation that the collateral value declined at the rate of $17,847.00 per month and, therefore, adequate protection payments in that amount are required by the stipulation. Two adequate protection payments are in default and the debtor

proposes to cure that default at the rate of $1,500.00 per week. At that rate, the cure will not be completed for approximately 24 weeks, or six months. Such a time frame does not adequately protect FCC. In addition, although revenues are apparently increasing on a month-to-month basis, and although the debtor has renegotiated adequate protection payments with all other claimants having an interest in either tractors or trailers, the debtor cannot assure FCC or the court that it will actually be able to make the cure payments. The debtor acknowledges that fuel prices have increased on a weekly basis and that for much of the freight hauled, no fuel surcharges are available.

Failure to comply with a stipulated adequate protection agreement and an inability to cure the default in a short time period are cause for relief from the automatic stay.

IT IS ORDERED that the Motion for Relief from Stay, Filing No. 147, is granted to a limited extent. To minimize the business disruption caused by this order, the debtor is directed to immediately bring the tractors to Omaha or another location to be agreed upon by FCC and the debtor and surrender the tractors at such location. FCC is not permitted to engage in self-help to repossess the tractors without further order of this court.

DATED:     May 21, 2008

BY THE COURT:

Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
    Norman Beal
    Andrew Muller
    William Medford
    *Richard Garden
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.