IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK07-82148-TJM |
| | ) | |
| MERIT TRANSPORTATION, INC., | ) | CH. 7 |
| | ) | |
| Debtor(s). | ) | |

<u>ORDER</u>

    Hearing was held in Omaha, Nebraska, on January 20, 2009, regarding Filing No. 573, Application for Administrative Expenses, filed by Michael P. Sortino, Filing #579, Resistance, filed by Joel Shaw, Filing #580, Resistance, filed by Clifton Bagley, and Filing #582, Objection, filed by Navistar Financial Corporation. Thomas Stalnaker appeared as Chapter 7 Trustee, Alan Pedersen appeared for Michael Sortino, David Skalka appeared for Navistar Financial Corporation, and Thalia Carroll and Amy Jorgensen appeared for John W. Houston.

    The debtor's president is Gary Wills. Mr. Wills was also the owner of a limited liability company, Wills Development Company, LLC. ("Wills Development"), which owned a building used by the debtor for its operations. In addition to the debtor, Wills Development leased a portion of the building to another tenant. During the Chapter 11 portion of the case, the property was sold to Michael Sortino. Wills Development leased back the facility and paid Mr. Sortino $13,333.33 per month as a lease payment. Pursuant to the terms of a written master lease, Wills Development was responsible for paying property taxes and keeping the building insured. According to testimony of Mr. Wills, Wills Development received $14,500 per month rent from the debtor, in addition to payments necessary to cover a pro rata share of the real estate taxes and insurance. Wills Development also received $6,741 per month from the other tenant.

    Just before the debtor's case was converted to Chapter 7, Wills Development and Mr. Sortino terminated their master lease agreement and Wills Development transferred to Mr. Sortino all of its interest in the leases with the debtor and the other tenant.

    Once the case was converted to Chapter 7, the Chapter 7 trustee entered into an agreement with Mr. Sortino whereby the trustee, on behalf of the estate, could maintain possession of the space leased to the debtor to enable the trustee to liquidate assets of the estate through auction and otherwise. The agreement was formalized in a letter dated September 17, 2008, from counsel for the trustee to counsel for Mr. Sortino. That document is attached to Mr. Sortino's affidavit, Filing #604. It provides, in pertinent part, that Mr. Sortino "will have an administrative claim in the above-referenced bankruptcy estate for rent, insurance, and taxes, pro-rated for the month of September, 2008. In addition, this claim would extend to any additional months during which the Estate utilizes the subject premises."

    The trustee used the facility in September, October and part of November 2008. Mr. Sortino has filed this application for an allowance of an administrative expense. In it, he claims monthly rent of $14,500, an amount for pro rata real estate taxes and insurance for each month, plus charges for utility services. Because the trustee's use of the premises was beneficial to the bankruptcy estate, the creditor is entitled to an administrative expense claim under § 503(b)(1)(A) for the fair rental value of the property. <u>In re JAS Enter., Inc.</u>, 180 B.R. 210 (Bankr. D. Neb. 1995); <u>In re Bilyk</u>, 101 B.R. 586 (Bankr. E.D. Mo. 1989).

Although the trustee did not object, a creditor, Navistar Financial Corporation ("Navistar"), did object. It is the position of Navistar that there is no evidence of a written lease between the debtor and Wills Development or Mr. Sortino which provides for rent of $14,500 per month or the pro rata real estate taxes and insurance payments. The only evidence in the record concerning the amount of rent paid by the debtor is testimony from a state court deposition of Mr. Wills. In that deposition, Filing #607, at page 8, lines 21 through 25, Mr. Wills states that there was a written lease for $14,500 per month on a triple net basis. The lease is not in evidence.

Even assuming that there was a written lease obligating the debtor to pay Wills Development $14,500 per month, plus a pro rata portion of the insurance and taxes, there is no evidence that the trustee agreed to pay $14,500 a month, plus a pro rata portion of the insurance and taxes. The letter agreement referred to above contains no monthly rental amount. The total amount of monthly rent that Mr. Sortino had a right to receive from Wills Development was $13,333.33. Upon conversion to Chapter 7, the debtor was no longer in business and was no longer paying rent in any amount. Mr. Sortino has a right to receive a fair rental from the trustee, for the time the trustee occupied the premises, but since there was no agreement on the amount of the rental payments, the trustee is not bound by any amount the debtor previously paid to Wills Development. The most the trustee should be required to pay is the estate's portion of the rent previously paid by Wills Development. The total monthly amount paid by Wills Development was $13,333.33. The estate's portion of that is the amount remaining after applying the rent Mr. Sortino receives from the other tenant, $6,741 per month. The net amount is $6,592.33.

The trustee did agree to pay a pro rata share of insurance and taxes for the time the trustee occupied the property. There is no evidence in this record of the amount of the taxes or the insurance. It is also unclear from the record whether the amounts requested by Mr. Sortino for the pro rata taxes and insurance are for the whole building or only that portion used by the debtor and the trustee. Mr. Sortino will be permitted to supplement the record with documentary evidence on the insurance and tax obligations. He should submit that evidence by February 13, 2009. An order will then be entered which will include the net rental referred to above, the utilities, and the pro rata share of insurance and taxes determined after a review of the supplementary evidence.

IT IS ORDERED that the movant supplement the record with documentary evidence on the insurance and tax obligations on or before February 13, 2009.

DATED:    January 23, 2009

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
    Thomas Stalnaker    Thalia Carroll
    *Alan Pedersen    Amy Jorgensen
    David Skalka    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.