IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK07-82148-TJM |
| | ) | |
| MERIT TRANSPORTATION, INC., | ) | |
| | ) | CH. 7 |
| Debtor(s) | ) | |

ORDER

Hearing was held in Omaha, Nebraska, on January 20, 2009, regarding Filing #573, Application for Administrative Expenses, filed by Michael P. Sortino; Filing #579, Resistance, filed by Joel Shaw; Filing #580, Resistance, filed by Clifton Bagley; and Filing #582, Objection, filed by Navistar Financial Corporation. Thomas Stalnaker appeared as Chapter 7 trustee, Alan Pedersen appeared for Michael Sortino, David Skalka appeared for Navistar Financial Corp., and Thalia Carroll and Amy Jorgensen appeared for John W. Houston. Following the hearing, and after a preliminary order was entered at Filing #619, Mr. Sortino filed a motion for reconsideration. That motion will be dealt with in this order.

As the court earlier described in Filing #619, Michael Sortino, the owner of certain improved real estate used in the operations of the debtor, has filed an application for allowance of administrative expenses, including rent, utilities and pro rata taxes and insurance charges during the time the Chapter 7 trustee used the facility, from September through November 15, 2008. Navistar Financial Corporation and two individual former employees have objected to the application. Following the hearing on January 20, 2009, the court granted Mr. Sortino the opportunity to supplement the record with actual numbers for the taxes and insurance. He has done so at Filing #641.

The application asserts that the trustee owes $14,500.00 per month for rent based upon what Mr. Sortino claimed was the rent being paid by the debtor to Wills Development Company, L.L.C. ("Wills Development"), the tenant of Mr. Sortino. Mr. Sortino asserts that Wills Development had subleased the property to the debtor and another tenant, with the debtor paying $14,500.00 rent and the other tenant paying $6,741.00. In addition, Mr. Sortino claims that the two tenants of Wills Development paid additional amounts equal to the pro rata determination of taxes and insurance. Wills Development, then, under a master lease, paid Mr. Sortino $13,333.00. Immediately prior to the debtor converting the case from Chapter 11 to Chapter 7, Mr. Sortino and Wills Development terminated the master lease and Wills Development assigned its interest in the subleases to Mr. Sortino.

Following the conversion to Chapter 7, the trustee kept possession of the premises for two and one-half months and agreed to compensate Mr. Sortino for rent, taxes and insurance accruing while the trustee had possession. Mr. Sortino takes the position that he had a right to payment from the trustee of the Chapter 7 estate of the total amount the debtor was paying to Wills Development under the sublease.

In Filing #619, the court tentatively found that the trustee was not bound by any sublease between the debtor and Wills Development that was assigned to Mr. Sortino. Instead, the court determined that the trustee was obligated to pay fair rental value represented by the amount Mr. Sortino had agreed to receive from Wills Development, $13.333.33 less the amount Mr. Sortino is receiving from the other sub-lessee. The net amount the court found payable as fair rental value

for the trustee's use of the facility was $6,592.33 plus any amount eventually determined to be due for taxes and insurance.

While submitting the supplementary evidence concerning taxes and insurance, Mr. Sortino also filed a motion to reconsider the court's determination of the fair rental value, Filing # 629. He presents a letter from the trustee's law office agreeing that the trustee will not object to a claim for administrative expenses for rent, taxes and insurance. Additionally, he presents a responsive e-mail from his counsel to counsel for the trustee. That e-mail, found at the attachment to Filing #630, reads, in pertinent part: "I discussed your letter regarding the Trustee's agreement to an administrative expense for the payment of rent accruing after 9-1-08 at the contract rate paid prior to Conversion to chapter 7 proceeding with Mike Sortino. Please let me know whether you will pay rent without a formal claim or motion once funds are available."

Neither the letter from counsel for the trustee nor the e-mail from counsel for Mr. Sortino specifically refer to a rental rate of $14,500.00 per month. At the hearing on January 20, 2009, the trustee acknowledged that he had agreed to pay rent, but he did not state that he had agreed to pay $14,500.00 per month.

The motion to reconsider the fair rental value determination, Filing #629, is denied. There simply is insufficient evidence to support the right of Mr. Sortino to collect such an amount for the trustee's use of the facility. The evidence concerning the existence of a written or oral lease between the debtor and Wills Development prior to conversion to Chapter 7 is inconsistent and vague. For example, in the deposition taken in the state court action against Wills Development by Navistar, on September 25, 2008, less than a month after the conversion, Mr. Wills testified that there was a written lease with a monthly amount of $14,500.00 net, net, net due from the debtor to Wills Development. In this contested matter Mr. Sortino testified by affidavit that he was told that Wills Development subleased the premises to the debtor by virtue of an oral lease. There is no written lease in evidence and there is no sworn testimony by Mr. Wills in this contested matter concerning all of the terms of the purported lease, whether written or oral. For example, in the deposition, he was asked about the length of the lease and other terms and he was unable to respond. In addition, there is no evidence in this record that the debtor ever paid $14,500.00 per month to Wills Development or that it ever paid any amounts for taxes and insurance on a pro rata basis. Even if there truly was an agreement to pay rent plus taxes and insurance, there is no evidence that such agreement required monthly payment on a pro rata basis. The agreement between Wills Development and Mr. Sortino to terminate the master lease and assign the interest of Wills Development in the oral and written leases does not specifically identify the leases being referred to, their payment terms, whether they are month to month or year to year or for a specific length, nor does it inform anybody as to whether the "lease" between the debtor and Wills Development was still in existence on the assignment date in August of 2008 or had been terminated previously. Finally, there is nothing in the record concerning this contested matter that indicates the lease, whether oral or written, had been assumed or rejected during the pendency of the Chapter 11 case.

The earlier determination by the court that the fair rental value for September 2008, October 2008, and the first half of November 2008 is at the rate of $6,592.33 is affirmed. That total is $16,470.82.

Filing #641 is the second affidavit of Michael P. Sortino. In it, he explains the debtor used 60.2% of the square footage of the building located on the real estate. Based upon his real estate

tax statement and his insurance premium information, plus utility bills, Mr. Sortino suggests that the amount of real estate taxes the trustee should pay for 2.5 months is $2,864.63. The amount of insurance premium for 2.5 months is $823.99 and the utilities are $1,071.16, for a total of $4,759.58.

Although Navistar takes the position that there is no documentary evidence of an obligation to pay taxes and insurance, the trustee agreed to do so in its letter to counsel for Wills Development previously referred to. The manner by which Mr. Sortino calculated the amount of taxes and insurance due seems reasonable. Therefore, the award of administrative expenses shall include the above number, $4,759.58.

The total allowance of rent, real estate taxes, insurance and utilities from September 1 through November 15, 2008, is $21,230.40. This is the amount of the allowed administrative expense claim of Michael Sortino.

IT IS ORDERED that the motion to reconsider, Filing #629, is denied. Michael Sortino is allowed an administrative expense claim of $21,230.40.

DATED:    March 2, 2009

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
    Thomas Stalnaker
    *Alan Pedersen
    David Skalka
    Thalia Carroll
    Amy Jorgensen
    U.S. Trustee

Movant (*) is responsible for giving notice of this order to other parties if required by rule or statute.